1

2

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

4

5

6

7

8

9

10

11

12

13

| | |
|---|---|
| WELDON W. VITTITOW and LOUISE M. VITTITOW, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, NATIONAL ASSOCIATION; US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE BEAR STEARNS ALT-A TRUST 2006-3 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-3; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., <br><br> Defendants. | No.   2:CV-14-0230-SMJ <br><br><br> **ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND GRANTING DEFENDANTS' MOTIONS TO DISMISS** |

14

## I.     <u>INTRODUCTION</u>

15      Before the Court, without oral argument, are Plaintiffs' Objection to

16   Defendant's Notice of Removal, ECF No. 8, Defendant Bank of America, N.A.'s

17   ("BANA") Motion to Dismiss Plaintiffs' Complaint, ECF No. 3, and Defendants

18   U.S. Bank National Association, as Trustee for the Holders of the Bear Stearns

19   Alt-A Trust 2006-3 Mortgage Pass Through Certificates Series 2006-3 ("US

20   Bank") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion

ORDER **-** 1

1   to Dismiss Plaintiffs' Complaint, ECF No. 7.   Plaintiffs maintain this matter

2   should be removed to state court while Defendants seek dismissal of this matter

3   for failure to state a claim.  The Court, having reviewed the pleadings and file in

4   this matter, is fully informed and finds this matter was properly removed as the

5   amount in controversy exceeds $75,000, and that Plaintiffs' claims must be

6   dismissed with prejudice.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

**A.   Factual Background[1]**

9      A Statutory Warranty Deed record on May 27, 1999, indicates Plaintiffs

10  received possession of the property located at 2830 South Lakeshore Drive,

11  Chelan, WA 98816 ("Property").  On January 25, 2006, Plaintiffs took out a loan

12  and signed a promissory note stating that they owed the lender $945,000.  The

13  loan was secured by a Deed of Trust ("Deed") that was signed by Plaintiffs and

14  recorded on January 31, 2006, which identifies Eagle Home Mortgage, Inc. as the

15  lender, Transnational Title and Escrow Company as the trustee, and MERS as the

16  beneficiary, in a nominee capacity for the lender and its heirs and assigns.  On

17  November 3, 2011, MERS recorded an assignment of the Deed indicting the

18

---

19  [1] The factual history recited herein is based on the factual allegations in the Complaint, ECF No. 1-2, and in the
extrinsic documents incorporated therein. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court assumes to
be true those portions of the Complaint that "contain sufficient allegations of underlying facts to give fair notice
20  and to enable the opposing party to defend itself effectively," but the Court does not afford the presumption of truth
to allegations that "simply recite the elements of a cause of action." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir.
2011).

ORDER - 2

1   transfer of the loan to U.S. Bank as trustee for the investor.  Plaintiffs' Complaint

2   does not allege that any foreclosure has been initiated against the property.

3       Plaintiffs' Complaint makes the factual assertion that the Deed stated "[a]n

4   assignee of a Deed of Trust and Note must give the debtor written notice of such

5   Assignment within thirty (30) days after the Assignment."  ECF No. 1-2 at 12 ¶14.

6   The Court, after carefully reviewing the Deed, finds no such statement contained

7   in the document.  The absence of the statement in the Deed was also noted by

8   defense counsel.  *See* ECF No. 7 at 4.  To the contrary, the Deed that Plaintiffs

9   signed specifically states that "[t]he Note or a partial interest in the Note (together

10  with this Security Instrument) can be sold one or more times without prior notice

11  to Borrower."  ECF No. 1-2 at 31 ¶20.

12  **B.    Procedural Background**

13      On April 16, 2014, Plaintiffs filed a Complaint with the Clerk of the

14  Superior Court of Chelan County, Washington, seeking "Declaratory Action" and

15  alleging "Breach of Contract" and "Fraud and Misrepresentation."  ECF No. 1-2

16  at 12-16.  BANA removed this matter to this Court on July 16, 2014.  ECF No. 1.

17  On August 13, 2014, Plaintiffs timely filed an objection to removal, which this

18  Court has construed as a motion to remand.[2]  ECF No. 8.  On July 23, 2014, and

19

20

---

[2] A document filed *pro se* is "to be liberally construed."  *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976).

ORDER **-** 3

August 6, 2014, Defendants filed separate motions to dismiss Plaintiffs' claims. ECF Nos. 3 & 7.

### III.   PLAINTIFFS' MOTION TO REMAND

Plaintiffs object to removal of this matter and ask that this case be remanded back to state court.   In relevant part, the federal removal statute provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).   "The defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  "The removal statute is strictly construed against removal jurisdiction," *id*., and removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance," *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation and quotation marks omitted).

A federal district court generally has original jurisdiction over a civil action when: 1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or 2) there is complete

ORDER - 4

1   diversity of citizenship and the amount in controversy exceeds $75,000.  *See* 28

2   U.S.C. §§ 1331, 1332(a).

3          Here, Plaintiffs maintain that diversity jurisdiction does not exist as the

4   amount in controversy is not met.  ECF No. 8.  However, while Plaintiffs never

5   specified a dollar amount as part of their quiet title action, "[i]n actions seeking

6   declaratory or injunctive relief, it is well established that the amount in

7   controversy is measured by the value of the object of the litigation." *Henderson v.*

8   *Nationstar Mortgage Co.*, 2008 WL 302374 at *1 (W.D. Wash. 2008) (citing

9   *Hunt v. Wash. State Appel Adver. Comm'n*, 432 U.S. 333, 347 (1977)).  Here,

10  Plaintiffs seek a declaratory finding that "defendants have no right, title, estate,

11  lien, or interest in *the property*."  ECF No. 1-2 at 12.  Accordingly, Plaintiffs seek

12  a finding that would void Defendants' secured interest in the Property, to wit: the

13  mortgage valued at $945,000.  Therefore, as the object of the litigation is a

14  $945,000 mortgage, this Court has diversity jurisdiction as the amount in

15  controversy far exceeds the $75,000 threshold.  Plaintiffs' construed motion to

16  remand is denied.

17  //

18  //

19  //

20  /

ORDER **-** 5

IV.   **DEFENDANTS MOTIONS TO DISMISS**

Each Defendant has moved to dismiss Plaintiffs' Complaint, ECF No. 1-2, asserting that Plaintiffs have failed to state a claim.

**A.   Legal Standard**

A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007).   Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief. *Twombly*, 550 U.S. at 555.   In ruling on a motion under Rule 12(b)(6), the Court construes the pleadings in the light most favorable to Plaintiffs and accepts all material factual allegations in the complaint, as well as any reasonable inferences drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).   Mere legal conclusions "are not entitled to the assumption of truth." *Id*.   The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   It must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.   A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).   The Court may, therefore,

1 dismiss a claim as frivolous where it is based on an indisputably meritless legal

2 theory or where the factual contentions are clearly baseless. *See Neitzke*, 490 U.S.

3 at 327.  Unless it is absolutely clear that amendment would be futile, a *pro se*

4 litigant must be given the opportunity to amend his complaint to correct any

5 deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

6 **B.     Discussion**

7          1.     <u>Quiet Title</u>

8          Plaintiffs seek to quite title to the Property claiming that they were not

9 provided notice of the assignment of the Deed, do not know who owns the Deed,

10 and assert "defendants claim an interest adverse to plaintiff's title in *the property*."

11 ECF No. 1-2 at 12.  Plaintiffs also request "[j]udgment quieting plaintiff's fee

12 simple title to *the property*, and determining that defendants have no right, title, or

13 interest in or to *the property*."  ECF No. 1-2 at 13.  However, Plaintiffs are not

14 entitled to quite title.

15          Quite  title  actions  are  "designed  to  resolve  competing  claims  of

16 ownership . . . [or] the right to possession of real property." *Kobza v. Tripp*, 105

17 Wn. App. 90, 95 (2001).  Here, based upon the Deed and assignment, Defendants

18 do not assert title to the Property, but rather only assert a security interest.  When

19 Plaintiffs signed the Deed in January 2006, they created a secured lien on the

20 Property and did not convey any ownership interest or right to possession of the

ORDER **-** 7

1    Property.  *See* RCW 7.28.230(1) ("A mortgage of any interest in real property

2    shall not be deemed a conveyance so as to enable the owner of the mortgage to

3    recover possession of the real property, without a foreclosure and sale according

4    to law"); *Kendrick v Davis*, 75 Wn.2d 456, 469 (1969) ("It is, of course, hornbook

5    law that a mortgagee has no right to possession of mortgaged real property

6    without a foreclosure and sale according to law.").  Here, no foreclosure has

7    occurred.  Accordingly, because Defendants do not assert title to the Property but

8    merely either had[3] or maintain a secured interest in the Property, Plaintiffs cannot

9    maintain a quite title action against Defendants as a matter of law.  Therefore,

10   Plaintiffs' Quite Title Action must be dismissed.

11          2.      Assignment of the Deed of Trust

12          Next, throughout Plaintiffs' Complaint are numerous references to alleged

13   improper assignment of the Deed and Note.  First, by the very terms of the Deed,

14   Plaintiffs did not have to receive notice of any assignment.  See ECF No. 1-2 at 31

15   ¶20.  Additionally, Plaintiffs, as borrowers, do not have standing to challenge any

16   assignments of the Deed.  It is a well-established point of law that borrowers lack

17   standing to challenge the assignment of their Deed, as they are non-parties to the

18   assignment.  *See e.g. Ukpoma v. U.S. Bank Nat'l Ass'n*, No. 12-CV-0187-TOR,

19   2013 U.S. Dist. LEXIS 66576, at *13 (E.D. Wash. May 19, 2013) ("Even

20

---

[3] Based upon the assignment, MERS no longer has any secured interest in the Property.

ORDER - 8

1    assuming for the sake of argument that the assignments in question were

2    fraudulently executed, Plaintiff, as a third party, lacks standing to challenge

3    them."); *Borowski v. BNC Mortgage, Inc.*, No. C12-5876, 2013 U.S. Dist. LEXIS

4    122104, at *13 (W.D.Wash. Aug. 27, 2013) ("[B]orrowers, as third parties to the

5    assignment of their mortgage (and securitization process), cannot mount a

6    challenge to the chain of assignments. . ."); *Frazer v. Deutsche Bank Nat'l Trust*

7    *Co.*, 11-CV-5454-RBL, 2012 WL1821386, at *2 (W.D. Wash. May 18, 2012)

8    ("Plaintiffs are not parties to the pooling and servicing agreement and present no

9    authority suggesting standing to challenge it."). Accordingly, here, to the extent

10   that Plaintiffs assert the Deed was not properly assigned, was not properly

11   transferred into the trust, or that they were not provided notice, the claims fail as a

12   matter of law because Plaintiffs lack standing to challenge the assignment and

13   securitization of their loan. Therefore, the "Declaratory Action" that Plaintiffs'

14   Complaint seeks is impermissible as a matter of law and must be denied.

15       3.    Production of the Original Note

16       Plaintiffs maintain they are entitled to production of the "original wet ink

17   signature promissory note." ECF No. 1-2 at 12 ¶18. However, Washington

18   appellate courts have repeatedly held that Washington's Deed of Trust Act

19   ("DTA") does not require a lender to produce the original Note as a condition of

20   the non-judicial foreclosure. *See, e.g., Broaught v. Tarabochia*, 104 Wn.App.

ORDER - 9

728, 731-35 (2001) (enforcing Note despite failure to produce the original).

Federal courts likewise have rejected the "show me the Note" argument. *See*

*Vawter v. Quality Loan Service Corp. of Washington*, 707 F.Supp.2d 1115 (W.D.

Wash. 2010); *Freeston v. Bishop, White & Marshall*, 2010 WL 1186276 (W.D.

Wash. 2010); *Wallis v. IndyMac Fed.Bank*, 2010 WL 2342530, *5 (W.D. Wash.

2010). Moreover, the DTA only requires the trustee to possess proof of the

ownership of loan.  It does not require the trustee to then provide this proof to the

borrower prior to a trustee's sale.  RCW 61.24.030(7).  Accordingly, Plaintiffs

claims regarding the original "wet ink" Note fail as a matter of law.

> 4.    Breach of Contract Claim

   Plaintiffs' assert in Count II, a Breach of Contract claim, that Defendants

failed to give full disclosure of the loan and failed to inform Plaintiffs that the

Note would be converted into securities and sold to investors.  ECF No. 1-2 at 13.

"A breach of contract is actionable only if the contract imposes a duty, the duty is

breached, and the breach proximately causes damages to the claimant."

*Northwest Indep. Forest Mfrs. v. Dep't of Labor and Indus.*, 78 Wn. App. 707,

712 (1995).  Plaintiffs' Complaint fails to allege any duty that was breached or

demonstrate any proximately caused damages.  Moreover, the Plaintiffs

misrepresent the facts.  The Deed, which is incorporated by reference into the

Complaint, belies each of Plaintiffs' alleged factual claims.  While Plaintiffs assert

ORDER **-** 10

they were not given full disclosure of the loan, each page of the fifteen-page Deed is initialed by Plaintiffs and concludes with signatures from both Plaintiffs acknowledging and accepting all the "terms and covenants" of the Deed. Furthermore, while Plaintiffs maintain they did not know the Note could be converted into securities and sold to investors, the Deed specifically states that "[t]he Note or a partial interest in the Note (together with this Security Instrument) **can be sold one or more times** without prior notice to Borrower." ECF No. 1-2 at 31 ¶20 (emphasis added). Not only have Plaintiffs failed to properly allege a breach of contract claim, but also the factual basis for that claim is contradicted by the very terms of the Deed that Plaintiffs signed. Accordingly, Plaintiffs breach of contract claim must be dismissed.

5.      Fraud and Misrepresentation Claim

Finally, Plaintiffs attempt to assert a fraud and misrepresentation claim in Count III.  However, to state a claim for fraud Plaintiffs must allege "(1) A representation of an existing fact, (2) its materiality, (3) its falsity, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the person to whom it is made, (6) ignorance of its falsity on the part of the person to whom it is made, (7) the latter's reliance on the truth of the representation, (8) his right to rely upon it, [and] (9) his consequent damage." *Kirkham v. Smith*, 106 Wn. App. 177, 183 (2001); *see also Stiley v. Block*, 130

ORDER - 11

1  Wn.2d 486, 505 (1996). "In alleging fraud or mistake, a party must state with

2  particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P.

3  9(b). The complaining party must plead both the elements and circumstances of

4  fraudulent conduct." *Haberman v. Wash. Pub. Power Supply Sys.*, 109 Wn.2d

5  107, 165 (1987). Here, Plaintiffs do not identify any false representations or any

6  misrepresentations. Instead, Plaintiffs make additional allegations of failures in

7  the assignment and securitization of the Deed and Note. As previously discussed,

8  the Plaintiffs lack standing to challenge the assignment and securitization of the

9  Deed and Note. Additionally, to the extent that Plaintiffs allege the assignment

10 was not properly recorded, the recording of an assignment not only has no impact

11 upon the debtor, but also has no impact on the validity of the assignment. *See e.g.*

12 *In re United Home Loans,* 71 B.R. 885, 891(W.D. Wash. 1987), aff'd 876 F.2d

13 897 (9th Cir. 1989) ("assignment of a deed of trust and note is valid between the

14 parties whether or not the assignment is ever recorded"; "Recording of the

15 assignments is for the benefit of third parties"). Accordingly, Plaintiffs' fraud and

16 misrepresentation claim is insufficiently pled. At best, this claim is founded upon

17 an allegation that Plaintiffs both lack standing to raise and has no impact upon the

18 validity of the Deed nor Plaintiffs' obligation to repay the loan. Therefore,

19 Plaintiffs' fraud and misrepresentation claim must be dismissed.

20 //

ORDER **-** 12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

## V.    CONCLUSION

Ultimately, the Court finds Plaintiffs' claims were frivolous as they were based on indisputably meritless legal theories and the factual contentions were clearly baseless, and often contradicted by the terms of the very Deed Plaintiffs' signed.    Accordingly, the Court finds amendment of the complaint would be futile.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Plaintiffs' Construed Motion to Remand, **ECF No. 8**, is **DENIED**.

2.    Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiffs' Complaint, **ECF No. 3**, is **GRANTED**.

3.    Defendants U.S. Bank National Association, as Trustee for the Holders of the Bear Stearns Alt-A Trust 2006-3 Mortgage Pass Through Certificates Series 2006-3 and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Plaintiffs' Complaint, **ECF No. 7**, is **GRANTED**.

4.    As the Court finds that amendment of the complaint would be futile, all claims are **DISMISSED WITH PREJUDICE**.

5.    All hearings and other deadlines are **STRICKEN.**

//

/

ORDER **-** 13

1    **6.**      The Clerk's Office is directed to **CLOSE** this file.

2        **IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order

3    and provide copies to all counsel and to Plaintiffs.

4        **DATED** this 10th day of October 2014.

5

6    _____
     SALVADOR MENDOZA, JR.
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

Q:\SMJ\Civil\2014\Vittiow v. Bank of America-0230\order.dismiss.lc1.docx

ORDER **-** 14